UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULTAN WAZIRI,<br><br>        Plaintiff,<br><br>    v.<br><br>FARID WAZIRI,<br><br>        Defendant. | Case No. 15-cv-04822-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

In this civil action, Plaintiff alleges that Defendant knowingly misrepresented information regarding a purchase agreement of a restaurant located in Canada. Now pending before the Court is Defendant's Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. No. 11.) Plaintiff opposes the motion arguing that Defendant waived his right to challenge the Court's exercise of personal jurisdiction by filing a Motion to Determine Whether Cases Should be Joined. (Dkt. No. 17.) After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, *see* N.D. Civ. L.R. 7-1(b), and GRANTS Defendant's Motion to Dismiss for lack of personal jurisdiction. Plaintiff's waiver argument is unavailing, and he has otherwise wholly failed to establish personal jurisdiction over Defendant.

**BACKGROUND**

Plaintiff Sultan Waziri ("Plaintiff") is a United States citizen residing in the state of California. (Complaint ¶ 1.) Defendant Farid Waziri ("Defendant") is a citizen of Toronto, Ontario, Canada. (Complaint ¶ 2.) In January 2004, Plaintiff visited Defendant in Canada. (Complaint ¶ 5.) During the visit, Plaintiff and Defendant entered into a purchase agreement and purchased a restaurant located in Canada. (Complaint ¶¶ 7-13.) Plaintiff borrowed capital to purchase the restaurant, and he understood the purchase agreement to entitle him to a fifty percent

share of the restaurant. (Complaint ¶¶ 10-13.) For six months, Plaintiff remained in Canada and assisted Defendant in establishing the restaurant's operation. (Complaint ¶ 14.) Plaintiff alleges that since he left the restaurant in 2004, he has demanded payments from the restaurant's proceeds and copies of business records, but has received neither. (Complaint ¶ 16.) Plaintiff further alleges that Defendant knowingly misrepresented information to Plaintiff regarding establishing a trust as the ownership vehicle of the restaurant, with Plaintiff and Defendant as equal co-trustees and beneficiaries of the trust, which was a decoy that would ultimately allow Defendant to exclusively own the restaurant. (Complaint ¶ 18.)

Plaintiff filed this diversity action for breach of contract, conversion, and unjust enrichment in this Court. (Complaint ¶¶ 21-34.) A month earlier, Plaintiff had filed a separate action against Laila Waziri, Defendant's wife, for breach of contract, securities fraud, and unjust enrichment, also in the Northern District of California. (*Waziri v. Waziri*, No. 4:15-cv-04369-KAW, Dkt. No.1.) The allegations in this other action stem from the same period of time as this action, but are based on a different transaction involving real property. (*Id.* at ¶¶ 5-10.) A week after this action was filed, Defendant in this action and his wife (the defendant in the other action) filed an administrative motion to consider whether the two cases should be related. (*Id.* at Dkt. No. 6.) The court in 15-04369, the lower-numbered case, denied the motion to relate. (*Id.* at Dkt. No. 19.)

Defendant subsequently filed the underlying motion to dismiss for lack of personal jurisdiction on November 27, 2015.[1] (Dkt. No. 11.)

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss

---

[1] There is also a motion to dismiss for lack of personal jurisdiction pending in Judge Westmore's case which is set for argument February 4, 2016. *See Waziri v. Waziri*, No. 4:15-cv-04369-KAW, Dkt. No. 16.

2

1   is based on written materials rather than an evidentiary hearing, the plaintiff need only make a
2   prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601,
3   608 (9th Cir. 2010). To make a prima facie showing, "the plaintiff need only demonstrate facts
4   that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498
5   (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts
6   over statements contained in affidavits must be resolved in [plaintiff's] favor." *Love*, 611 F.3d at
7   608.

## DISCUSSION

Defendant contends first, that he has no presence nor dealings in California; second, that he did not direct any activity toward California; and third, that he has insufficient contacts with the state to support the Court's exercise of personal jurisdiction. In opposition, Plaintiff only argues that Defendant waived his right to challenge the Court's exercise of personal jurisdiction by filing a Motion to Determine Whether Cases Should be Joined.

### A. Waiver

Under Rule 12(h)(1) of the Federal Rules of Civil Procedure, a defendant waives any personal jurisdiction objection by not raising it in a responsive pleading or in a motion to dismiss that precedes the pleading. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."). Rule 12(h)(1), however, "specifies [only] the minimum steps that a party must take in order to preserve a defense." *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). Thus, "a party's failure to satisfy those minimum steps does not constitute the only circumstance under which the party will be deemed to have waived" a personal jurisdiction defense. *Id.* For example, a defendant waives a personal jurisdiction defense by engaging in "sandbagging," e.g., raising a personal jurisdiction defense "on a motion to dismiss, deliberately refraining from pursuing it any further when [the] motion is denied in the hopes of receiving a favorable disposition on the merits, and then raising the issue again on appeal only if [defendant] were unhappy with the district

court's ultimate decision." *Id.*

As an initial matter, Plaintiff mischaracterizes Defendant's motion.  Defendant filed an Administrative Motion to Consider Whether Cases Should be Related, not a Motion to Determine Whether Cases Should be Joined.  Under Rule 3-12(b) of the Civil Local Rules, "[w]henever a party knows or learns that an action" in this District is related to another "action which is or was pending in this District . . . the party *must* promptly file . . . an Administrative Motion to Consider Whether the Cases Should be Related."  *See* N.D. Civ. L.R. 3-12(b) (emphasis added).  Defendant and his wife, the defendant in the other action, contended that the two cases pending against them concerned the same parties, events, and property, and that failing to relate the cases would result in unduly burdensome duplication of labor and expenses for the Court.  (*See Waziri v. Waziri*, No. 4:15-cv-04369-KAW, Dkt. No. 6 at 2.)  Such a motion is not a waiver under Rule 12(h)(1) because it was not a responsive pleading.  *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (defining "pleadings" pursuant to the Federal Rules of Civil Procedure as "a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer" and noting that "[a]nything else is a motion or paper"); *see also Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (rejecting a similar waiver argument concluding that "filing a notice of related case . . . was required under the Local Rules . . . and does not evidence an effort to secure affirmative relief from the court"); *Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir. 1986) (defendant did not waive personal jurisdiction challenge by filing three stipulations to extend time); *Coe v. Philips Oral Healthcare Inc.*, No. C13–518–MJP, 2014 WL 585858, *2 (W.D. Wash. Feb. 14, 2014) (holding that defendant's entry of a notice of appearance before filing a motion to dismiss did not constitute a waiver of personal jurisdiction objections); *Martin v. United States*, No. CV 13–03130, 2014 WL 3493233, *3 (C.D. Ill. July 14, 2014) (filing a notice of appearance and motion for extension of time to answer did not constitute a waiver if the defense was preserved in the first responsive pleading or pre-pleading motion).  Moreover, because Defendant has not filed any pleadings in this action, this Motion to Dismiss precedes all of Defendant's pleadings.  Thus, Defendant's administrative motion does not constitute a waiver under Rule 12(h)(1).

Case 3:15-cv-04822-JSC   Document 24   Filed 01/22/16   Page 5 of 7

Further, Plaintiff does not and cannot argue that Defendant engaged in "sandbagging" or any other conduct that amounts to a waiver of Defendant's objection to personal jurisdiction. Instead, Defendant merely filed the administrative motion to comply with his mandatory obligation under the Civil Local Rules. Therefore, Defendant did not waive his right to challenge personal jurisdiction.

### B. Personal Jurisdiction

Personal jurisdiction over a nonresident defendant is proper when the state's long-arm statute permits it, and if the exercise of personal jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements; accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01. To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant; here, however, Plaintiff has made no attempt to establish personal jurisdiction because his opposition was predicated entirely on his waiver argument. Given that it is Plaintiff's burden to establish jurisdiction, Plaintiff's failure to address the issue means Plaintiff has not met his burden and the motion to dismiss must be granted. The Court's review of record, in any event, confirms that personal jurisdiction is lacking.

#### 1. General Jurisdiction

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotation marks omitted). Here, nowhere does the Plaintiff allege that Defendant has had *any* contact with the state of

5

California, let alone "continuous and systematic general business contacts." According to the Complaint, the restaurant at issue is located in Canada, the parties entered into the alleged breached contract in Canada, and Defendant is a Canadian citizen. (Complaint ¶¶ 2, 7, 10.) There is no allegation that Defendant had any contact whatsoever with California prior to this suit. Therefore, the Court does not have general jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific jurisdiction exists if three prongs are satisfied: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff has the burden of proving the first two prongs. *Id.* If plaintiff does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable. *Id.*

#### a) Purposeful Availment

Under this prong, the court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. *Id.* In purposeful availment, a "showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* (internal citations and quotation marks omitted). By doing so, "a defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. In return for these benefits and protections, a defendant must—as a quid pro quo—submit to the burdens of litigation in that forum." *Id.* (internal citations and quotation marks omitted).

As this is an action for breach of contract, the purposeful availment test applies. Plaintiff has not satisfied this test because he fails to allege that Defendant availed himself of the privileges of conducting activities within California. The alleged breached contract was executed in Canada,

not in California, and the Plaintiff fails to otherwise demonstrate that Defendant invoked any benefits or protections of California laws.  Plaintiff has thus failed to meet the first prong of specific jurisdiction.

### b) Claim Arises out of or Relates to Defendant's Forum-Related Activities

This prong is essentially a "but-for" test that requires the "contacts constituting purposeful availment . . . be the ones that give rise to the current suit." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).  As discussed in the first prong of specific jurisdiction, Plaintiff fails to allege that Defendant has had *any* contacts with the state of California, and thus Defendant has had no forum-related activities.  Therefore, Plaintiff fails to meet the second prong of specific jurisdiction.

### c) Reasonableness

Because Plaintiff fails to meet the first two prongs of specific jurisdiction, the Court need not determine whether the exercise of personal jurisdiction over Defendant would be reasonable.  See *Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of [the first two] prongs, personal jurisdiction is not established in the forum state.").

In sum, Plaintiff has failed to make a prima facie showing that the Court has personal jurisdiction over Defendant predicated on either general or specific jurisdiction.  Nowhere does Plaintiff allege that Defendant has had any contact with the state of California.  The Court thus lacks personal jurisdiction over Defendant, and Defendant did not waive his objection to personal jurisdiction by filing the related case motion.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: January 22, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge